CAHOON et al. v. ANDERSON.

(Court of Civil Appeals of Texas. Galveston. June 2, 1911.)

1. TRIAL (§ 132*)—REMARKS BY ATTORNEY.

Where a remark made by an attorney to the court was in explanation of the purpose for which certain testimony was offered, and when objected to was promptly withdrawn, it was not reversible error, though improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 315; Dec. Dig. § 132.*]

2. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS AND STATEMENTS—NECESSITY.

Where there was no statement from the record to show the relevancy or irrelevancy of evidence objected to, the assignment of error will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. ACTION (§ 50*)—PARTIES (§ 27*)—CAUSES OF ACTION—JOINDER.

Where, in an action to recover the value of corporate stock, plaintiff claimed that defendants conspired to defraud him of $1,000 by inducing him to purchase ten shares of the corporation's stock, and claimed that five of the shares were transferred to him by one of the defendants, and five other shares were transferred by the codefendant, and that both made false statements, promises, and assurances to plaintiff concerning the value of the stock, and their agreement to employ plaintiff at a specified salary, and agreed to take back the stock and refund the money, if plaintiff was dissatisfied, which they subsequently refused to do, the petition was not defective either for misjoinder of parties or causes of action.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 50;* Parties, Dec. Dig. § 27.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by S. D. Anderson against G. H. Cahoon and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Wilson & Cole, for appellants. Lewis R. Bryan, for appellee.

McMEANS, J. S. D. Anderson, plaintiff, sued the defendants, G. H. Cahoon and C. R. Gaskill, to recover the sum of $1,000, being the amount paid by him for 10 shares of stock in the Cahoon Furniture & Supply Company, a corporation, which he alleged he was induced to buy through false and fraudulent representations of defendants, who were acting together and had conspired to defraud him of the sum of $1,000, which he paid for the stock. Defendants answered by general demurrer, special exceptions, and general denial. The case was submitted to a jury upon special issues, and upon their verdict a judgment was rendered in favor of the plaintiff for $1,000. From this judgment the defendants have properly perfected this appeal.

[1] The first assignment of error is based upon a remark made by the attorney for plaintiff during the examination of a witness. The witness stated that he had found out that Mr. Campbell owned only two shares of stock in the corporation. This was objected to by the attorney of defendants as being immaterial and irrelevant, and to the objection the attorney added, "Suppose Campbell had two, five, or ten shares, he is not a party to this suit," to which plaintiff's attorney, addressing the court, replied: "It is a circumstance, your Honor. That is one of the familiar ways there is to catch suckers in a corporation," whereupon defendants' attorney further objected to the statement of opposing counsel "that the purpose of the corporation was to catch suckers," whereupon plaintiff's attorney rejoined: "Well, now, I didn't mean it like that. I mean to name prominent men as being stockholders is one of the ways to get people to invest in the stock of a company. Counsel for plaintiff will withdraw the remark." A bill of exception was duly reserved. We do not think the assignment presents reversible error. From the bill of exceptions, the substance of which is given above, we cannot determine whether the remark was warranted, or, if not, whether it was prejudicial to appellants. It does not appear that it was made in the hearing of the jury, although, because it was while a witness was testifying, we presume it was made in the jury's presence. The remark was made to the court in explanation of the purpose for which the testimony was offered, and, when objected to, was promptly withdrawn. The assignment is overruled.

While the defendant Cahoon was undergoing cross-examination he was asked by plaintiff's attorney: "Isn't it a fact that there are several judgments against you personally now?" This was objected to as being irrelevant, and the objection was overruled, to which defendants excepted, and the witness answered: "I think there is." The overruling of defendants' objection to the question and answer above set out is made the basis of appellants' second assignment of error.

[2] There is no statement from the record to show the relevancy or irrelevancy of the testimony elicited, and, in the absence of such showing, we cannot say that its admission was improper or prejudicial.

[3] The defendant Cahoon urged a special exception to plaintiff's petition in words as follows: "Defendant specially excepts to the plaintiff's petition, and says that the same is insufficient in law because it appears therefrom that he is improperly joined as a defendant with the defendant C. R. Gaskill, because said suit as appears from plaintiff's petition is against this defendant and defendant C. R. Gaskill for damages growing out of the sale of personal property owned by the respective defendants herein to plaintiff at different times for different sums of money and upon two distinct and separate contracts made with the respective defendants. Wherefore defendants pray judgment of the court that this suit be dismissed because of the improper joinder of parties," etc. A similar exception

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

was urged by defendant Gaskill to his being joined as defendant with Cahoon. Each defendant urged the following special exception: "Defendant specially excepts to the plaintiff's petition, and says that the same is insufficient in law, because it appears therefrom that there is a misjoinder of causes of action, in this: That plaintiff's suit is based upon allegations of damages growing out of the sale of personal property to the plaintiff by defendants, which property plaintiff alleges to have been the property of each defendant and sold to plaintiff by the respective defendants at different times upon separate and distinct contracts made with the respective defendants for different sums of money at different times." The overruling of these exceptions is made the basis of appellants' third assignment of error. The petition alleges that plaintiff was induced to purchase the stock through the false representations of the defendants, and that in making such representations the defendants were acting in conspiracy to obtain from plaintiff the $1,000 paid by him for the stock. The pertinent allegations of the petition, charging fraud and conspiracy, are as follows: "Plaintiff shows that on or about the 24th day of March, 1909, he was induced by the defendants to buy five shares of stock and to agree to buy five more shares of stock, which he did do later, making ten shares altogether of said Cahoon Furniture & Supply Company, upon the representations made and inducements held out by the defendants in this, viz., the defendants represented to and assured plaintiff that said Cahoon Furniture & Supply Company had earned up to said date of, to wit, March 24, 1909, a net profit of 22 per cent. on its capital stock, and that said profit would go as a dividend and be paid out as a dividend on said stock, and that said stock was worth then 122, and that the dividend thereon would be declared, and that the dividend on said stock would be declared once a year, viz., at the regular annual meeting in October each year, and that said profit so earned on said stock would go to the plaintiff if he would buy said stock, and that the defendants would let the plaintiff have said stock at par. Defendants also pointed out a large quantity of household goods in the warehouse as being a part of the stock of goods owned by said Cahoon Furniture & Supply Company, but which plaintiff afterwards found was not so owned. Plaintiff also shows that, in addition to the above representations and inducements held out to him to purchase said stock, the defendants agreed to employ plaintiff as a salesman in said business of the Cahoon Furniture & Supply Company, Incorporated, at $65 per month upon the plaintiff taking five shares of said stock, and that when plaintiff purchased and paid for another five shares, making ten shares altogether, that he, plaintiff, would then receive a salary of $75 per month, and as a further inducement to plaintiff to purchase said stock the defendants promised and agreed with plaintiff that if after having worked with them and said Cahoon Furniture & Supply Company he found that his relations with the defendants were not agreeable and satisfactory, and conditions were not as represented to him that, if the plaintiff became dissatisfied with the business, the defendants would refund to him the money paid by plaintiff for said stock. The plaintiff, relying upon said statements and promises and representations made by the defendants, paid to them on, to wit, March 24, 1909, $500 in money, and received therefor certificate No. 20 for five shares of the capital stock of the said Cahoon Furniture & Supply Company, Incorporated, which five shares had been standing on the books of said company in the name of defendant Cahoon, the same having been originally issued to said Cahoon as certificate No. 9, on the stock book of said company. * * * Plaintiff further shows that on, to wit, the 21st day of July, 1909, relying upon said promises and assurances and statements of the defendants as to the book value of said capital stock and of the profits which had been made and were being made by the business, and the further assurance that at any time that plaintiff was dissatisfied that defendants would take back said stock and refund him the money, this plaintiff paid the defendants an additional sum of $500 and received therefor certificate No. 21 for five shares of the capital stock of said Cahoon Furniture & Supply Company, Incorporated, the same being transferred to him by the defendant Gaskill, it being the certificate No. 13 for five shares of capital stock of said company originally issued to said Gaskill at the time of organization of said company as shown by the stock book of said company. * * * *

"Plaintiff now says that the aforesaid and above set out promises, statements, and assurances of the defendants to plaintiff were all a part and parcel of a conspiracy on their part to defraud this plaintiff out of his said $1,000, but which fraud was not discovered by plaintiff until on, to wit, the 13th day of October, 1909. Plaintiff shows to the court that immediately after the defendants had gotten possession of the plaintiff's $500 on the, to wit, 21st day of July, 1909, that immediately their conduct and manner towards plaintiff changed, and nothing that plaintiff could do was satisfactory to the defendants, and they complained of his manner of attending to the business, and finally on, to wit, October 11, 1909, notified plaintiff that they had no further use for his services, and that he would not be employed any longer by the Cahoon Furniture & Supply Company."

We think that under the allegations of the petition there was no misjoinder of parties or causes of action, and the assignment is overruled.

The record discloses no reversible error, and the judgment of the court below is affirmed.

Affirmed.